UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RHONDA K., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00117-TWP-MPB |
| | ) |
| ANDREW M. SAUL, Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Rhonda K.[1] ("Rhonda K.") requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her applications for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), and Supplemental Security Income ("SSI") under Title XVI of the Act.[2] For the following reasons, the Court **AFFIRMS** the decision of the Commissioner.

### I. BACKGROUND

**A.  Procedural History**

On February 4, 2015, Rhonda K. protectively filed her applications for DIB and SSI, alleging a disability onset date of May 5, 2014, due to chronic obstructive pulmonary disease ("COPD"), irregular heartbeat, mechanical mitral valve, arthritis, and emphysema. Rhonda K.'s

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits or Supplemental Security Income. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted decisions.

applications were initially denied on May 8, 2015, and again on reconsideration on July 2, 2015. Rhonda K. filed a written request for a hearing on August 18, 2015. On April 13, 2017, a hearing was held before Administrative Law Judge Romona Scales (the "ALJ"). Rhonda K. was present via video conference and was represented by counsel, Patrick Hudspeth (and it appears she was later represented by non-attorney representative Ricky Stern). Bruce Growick, a vocational expert (the "VE"), also appeared and testified at the hearing. On May 16, 2018, the ALJ denied Rhonda K.'s applications for DIB and SSI. Following this decision, on May 24, 2018, Rhonda K. requested review by the Appeals Council. On November 7, 2018, the Appeals Council denied Rhonda K.'s request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. On January 11, 2019, Rhonda K. filed this action for judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**B.      Factual Background**

At the time of her alleged disability onset date, Rhonda K. was fifty-one years old, and she was fifty-five years old at the time of the ALJ's decision. She completed her formal education through the tenth grade and did not obtain a GED. However, she can read and write and add and subtract without problem. Rhonda K. has an employment history of working as a cashier and a stocker at Meijer and K-Mart.

Citing the ALJ's decision, Rhonda K. "stipulate[s] that claimant suffers from the severe impairments of restrictive lung disease/chronic pulmonary disease, prosthetic mitral valve, headaches; microvascular disease; atrial fibrillation, coronary artery disease and obesity." ([Filing No. 12 at 2](Filing No. 12 at 2).)

In May 2015, Rhonda K. was seen by consultative examiner, Jonathan Kahn, M.D. ("Dr. Kahn"). She explained to Dr. Kahn that her main complaint was her COPD, which had been

diagnosed more than ten years earlier. Dr. Kahn opined that Rhonda K. could, in an 8-hour day, lift up to 10 pounds occasionally 2.5 hours/day; carry up to 10 pounds occasionally 2.5 hours/day; sit continuously more than 5 hours/day with frequent breaks or with regular breaks; stand occasionally 2.5 hours/day; walk occasionally 2.5 hours/day; and engage in other activities continuously more than 5 hours/day with frequent breaks or with regular breaks (Filing No. 7-8 at 59–62).

The following week, a state agency reviewing physician, J. Sands, M.D. ("Dr. Sands"), opined that Rhonda K. had a severe impairment of COPD. Dr. Sands further opined that Rhonda K. could lift or carry 20 pounds occasionally and 10 pounds frequently; stand/walk for six hours total in an eight-hour day; sit for six hours total in an eight-hour day; never climb ladders, ropes, or scaffolds; occasionally perform all other postural activities; and avoid concentrated exposure to wetness, fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery and heights (Filing No. 7-3 at 6–10).

On June 30, 2015, Jerry Smartt Jr., M.D. ("Dr. Smartt"), another state agency reviewing physician, opined that Rhonda K. had a severe impairment of COPD. Dr. Smartt agreed with the opinion of Dr. Sands concerning exertional and postural limitations. Dr. Smartt also agreed with the opinion of Dr. Sands concerning environmental limitations, opining that Rhonda K. should avoid concentrated exposure to wetness, fumes, odors, dusts, gases, poor ventilation, etc., and hazards such as machinery and heights. *Id.* at 27–31.

After the administrative hearing, the ALJ sent medical interrogatories to Subramaniam I. Krishnamurthi, M.D. ("Dr. Krishnamurthi"), a medical expert, who opined that Rhonda K. could lift/carry 10 pounds frequently and 20 pounds occasionally; sit for three hours at a time for a total of eight hours in an eight-hour day; and stand/walk for one hour at a time for a total of three hours

in an eight-hour day. Dr. Krishnamurthi noted that Rhonda K. did not require a cane. Dr. Krishnamurthi further opined that Rhonda K. could reach, handle, finger, feel, and push/pull frequently with her right hand and continuously with her left hand; frequently operate foot controls with either foot; never climb ladders or scaffolds; and occasionally perform all other postural activities. Dr. Krishnamurthi opined that Rhonda K. could tolerate occasional exposure to humidity, wetness, dust, odors, fumes, and pulmonary irritants; and she could frequently tolerate all other environmental conditions (Filing No. 7-15 at 35–40).

## II. DISABILITY AND STANDARD OF REVIEW

Under the Act, a claimant may be entitled to DIB or SSI only after she establishes that she is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of

impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant can perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work in the relevant economy, given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if she can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

Section 405(g) of the Act gives the Court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Id*. Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III.     THE ALJ'S DECISION

The ALJ first determined that Rhonda K. met the insured status requirement of the Act through December 31, 2019. The ALJ then began the five-step sequential evaluation process. At step one, the ALJ found that Rhonda K. had not engaged in substantial gainful activity since May 5, 2014, the alleged onset date of Rhonda K.'s disability. At step two, the ALJ found that Rhonda K. had the following severe impairments: restrictive lung disease/chronic pulmonary disease, prosthetic mitral valve, headaches, microvascular disease, atrial fibrillation, coronary artery disease, and obesity. The ALJ found Rhonda K.'s osteoporosis, back pain, and old wrist fracture to be non-severe impairments. At step three, the ALJ concluded that Rhonda K. did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

6

In determining Rhonda K.'s RFC, the ALJ explained,

> [She] has the residual functional capacity to perform light work . . . except the claimant could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; never climb ladders, ropes or scaffolds; must avoid concentrated exposure to dusts, fumes, odors, gases, poor ventilation, pulmonary irritants, wetness, extreme temperatures and hazards, including slippery, wet, uneven surfaces, unprotected heights and moving machinery.

([Filing No. 7-2 at 16](Filing No. 7-2 at 16).)

At step four, the ALJ determined that, consistent with her RFC, Rhonda K. was able to perform her past relevant work as a cashier as it is generally performed in the national economy and as she actually performed it. Having determined that she could perform her past relevant work as a cashier, the ALJ determined that Rhonda K. was not disabled. Therefore, the ALJ denied Rhonda K.'s applications for DIB and SSI because she was found to be not disabled.

## IV. **DISCUSSION**

In her request for judicial review, Rhonda K. makes the sole argument that the "ALJ's RFC is not supported by substantial evidence because the ALJ fails to include that the claimant can only have occasional exposure to dust odors, fumes and pulmonary irritants." ([Filing No. 12 at 3](Filing No. 12 at 3).)

Rhonda K. points out that the ALJ asked the following hypothetical of the VE during the administrative hearing:

> [L]et's assume we're discussing an individual who is 54 years of age, who has a tenth grade education, and the past work history you've just identified. Hypothetical number 1, assume that the individual could perform no greater than the light exertional level of work, as defined in the regulations. Additionally, assume that the individual is limited to occasional stooping, crouching, crawling, kneeling, balancing and climbing. That'd be climbing of ramps and stairs; no climbing of ladders, ropes or scaffolding.
>
> Assume that the individual should avoid concentrated exposure to dusts, fumes, odors, gases, poor ventilation, and pulmonary irritants, wetness, extreme temperatures, and hazards. Hazards to include slippery, wet, uneven surfaces, moving machinery, and unprotected heights.

([Filing No. 7-2 at 73](Filing No. 7-2 at 73).) In response to the hypothetical, the VE indicated that Rhonda K. could perform her past relevant work as a cashier.

Consistent with that hypothetical, the ALJ determined, as part of the RFC, that Rhonda K. "must avoid concentrated exposure to dusts, fumes, odors, gases, poor ventilation, pulmonary irritants, wetness, extreme temperatures and hazards, including slippery, wet, uneven surfaces, unprotected heights and moving machinery." *Id.* at 16. The ALJ's decision explains that the state agency reviewing physicians (Dr. Sands and Dr. Smartt) opined Rhonda K. must "avoid concentrated exposure to wetness, fumes, odors, dusts, gases, poor ventilation, and hazards," and the ALJ gave these opinions "great weight." *Id.* at 19–20. The ALJ's decision also explains that Dr. Krishnamurthi opined that Rhonda K. could "occasionally have exposure to humidity, wetness, dusts, odors, fumes, pulmonary irritants and frequently have exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, extreme cold, extreme heat and vibrations." *Id.* at 20. The ALJ also gave this opinion "great weight." *Id.*

Rhonda K. argues that Dr. Krishnamurthi opined she could occasionally tolerate exposure to dust, odors, fumes, and pulmonary irritants, but "occasional exposure" is different than "concentrated exposure," and the limitation to occasional exposure should have been part of the RFC. The ALJ stated Dr. Krishnamurthi's limitation in the hearing decision and gave it great weight, but the ALJ misstated the limitation in the RFC and failed to explain the discrepancy. Rhonda K. asserts that these failures result in the RFC not being supported by substantial evidence, and additional VE testimony is necessary to determine if the limitation would eliminate Rhonda K.'s past work as a cashier.

In response, the Commissioner asserts Rhonda K.'s argument fails because the ALJ also assigned great weight to the opinions of the state agency reviewing physicians, the RFC and

8

hypothetical tracked those opinions, and the ALJ was not obligated to rely entirely on any particular physician's opinion or choose among the physicians' opinions in formulating the RFC. The RFC determination was supported by substantial evidence—the opinions of the two state agency reviewing physicians to which great weight was given—and thus, the Court should affirm the ALJ's decision.

The Commissioner further argues that, even if the ALJ did commit an error, any such error is harmless because, under the plain language of the Dictionary of Occupational Titles ("DOT"), Rhonda K.'s past relevant work as a cashier does not require exposure to any environmental irritants, conditions, or hazards. The distinction between whether Rhonda K. is able to tolerate occasional exposure to environmental irritants or hazards or must avoid concentrated exposure to environmental irritants or hazards is not material. Remand for additional VE testimony is not necessary.

Rhonda K. replies that the ALJ gave great weight to the opinion of the state agency reviewing physicians that included avoiding concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards, and the ALJ also gave great weight to the opinion of Dr. Krishnamurthi that included only occasional exposure to dusts, odors, fumes, and pulmonary irritants. "Concentrated and occasional exposure are different opinions and when you give great weight to two different opinions you have not buil[t] a logical bridge from the evidence to the conclusion." ([Filing No. 18 at 1](Filing No. 18 at 1).)

Rhonda K. also argues that her past work as a cashier at Meijer and K-Mart has frequent or constant interaction with customers, which could subject her to more than occasional exposure to odors, and these stores have home and garden departments, which can present more than occasional exposure to dust. She argues, "The DOT does not specifically address dust and odors

individually. Vocational Expert testimony is necessary to determine if past work can be performed based on the occasional exposure to odors and dust." *Id.* at 2.

While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker*, 597 F.3d at 921 (citations omitted). In light of this legal principle, and giving Rhonda K. the benefit of the doubt, the Court will assume that the ALJ erred in giving "great weight" to both opinions about "avoiding concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and pulmonary irritants" and "tolerating occasional exposure to fumes, odors, dusts, gases, poor ventilation, and pulmonary irritants" without also explaining the discrepancy or contradiction in her hearing decision.

However, the Commissioner's argument concerning harmless error is well-taken. Even with such an error, remand is not warranted in this case because the position at issue—Rhonda K.'s past work as a cashier—requires no exposure to environmental irritants, conditions, or hazards. The DOT indicates "Not Present" for each enumerated environmental condition or hazard including exposure to weather, extreme cold, extreme heat, wet and/or humid conditions, atmospheric conditions, moving mechanical parts, high exposed places, toxic caustic chemicals, and other environmental conditions. It also indicates "Not Present" for tasting/smelling. *See* 211.467-010 CASHIER, COURTESY BOOTH, DICOT 211.467-010 (G.P.O.), 1991 WL 671848. While Rhonda K. is correct that the DOT does not specifically list dust and odors separately, the DOT clearly indicates that smelling and other environmental conditions are not present for the job of cashier. Because there is no exposure to environmental irritants, conditions, or hazards as a cashier, it is not necessary to remand this case for further explanation of whether Rhonda K. is

able to tolerate occasional exposure to environmental conditions or must avoid concentrated exposure to environmental conditions. The Court notes that the ALJ concluded that Rhonda K. would be able to perform her past job as a cashier as it is generally performed in the national economy, so Rhonda K.'s argument about her past Meijer and K-Mart cashier positions is unavailing.

## V. CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **AFFIRMED**. Rhonda K.'s appeal is **DISMISSED**.

**SO ORDERED.**

Date: 3/10/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael G. Myers
mgmyers10@sbcglobal.net

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE
julian.wierenga@usdoj.gov